UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21536-CIV-LENARD
MAGISTRATE JUDGE P. A. WHITE

BRANDON MOSES,                            :

    Plaintiff,                       :

v.                                        :         REPORT OF
                                                    MAGISTRATE JUDGE
HONORABLE WILKIE D. FERGUSON,             :
ET AL.,
                                          :
    Defendants.
_____            :

    The plaintiff Brandon Moses, currently residing in Aruba, has filed a pleading styled "Bivens Action to Set Aside or Vacate Illegal Conviction or in the Alternative for Monetary Compensation." [DE# 1].

    incarcerated at the Federal Correctional Complex in Coleman, Florida, has filed a pro se civil rights complaint for damages and other relief, pursuant to The plaintiff is proceeding in forma pauperis. [DE# 5].

    The plaintiff names as defendants the late Honorable Wilkie D. Ferguson, United States District Judge and Honorable Charlene Sorrentino, retired United States Magistrate Judge.  This case concerns Moses's criminal conviction in this Court, Case No. 89-CR-603-HOEVELER.  Moses apparently seeks to have his supervised release terminated, arguing that his conviction was unconstitutional.

    To the extent the plaintiff seeks to recover monetary damages from former federal judges, the claim must be dismissed.  Besides being barred by the applicable statute of limitations, the

defendants are immune from suit under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens")[1].

The Supreme Court has recognized that "few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."  Pierson v. Ray, 386 U.S. 547, 553-54 (1967). Judicial immunity applies when (1) "the judge deal[t] with the plaintiff in his judicial capacity" and (2) the judge did not act "in the 'clear absence of all jurisdiction."' Dykes v. Hosemann, 776 F.2d 942, 945 (11 Cir. 1985) (en banc) (quoting Stump v. Sparkman, 435 U.S. 349, 357 (1978)).  "This immunity applies even when the judge is accused of acting maliciously and corruptly." Pierson, 386 U.S. at 554.

Whether an act is done within a judge's judicial capacity is determined by "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Mireles v. Waco, 502 U.S. 9, 11 (1991).  As to the second requirement, a judge does not act in the "clear absence of all jurisdiction" when he or she acts erroneously, maliciously,

---

[1]     Under certain circumstances, federal officials, or those acting under color of federal law, may be sued for the deprivation of federal constitutional rights.  In Bivens, the Supreme Court established that victims of a constitutional violation by a federal official may recover damages against that official in federal court despite the absence of any statute conferring such right.  Such action is brought pursuant to 28 U.S.C. §1331 and the applicable provisions of the United States Constitution.  "The effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." Dean v. Gladney, 621 F.2d 1331, 1336 (5 Cir. 1980), cert. denied sub nom. Dean v. County of Brazoria, 450 U.S. 983 (1981).

or in excess of his authority, but rather when he or she acts without subject matter jurisdiction.  Dykes, supra at 947-48.

Judge Ferguson and Judge Sorrentino are entitled to absolute judicial immunity.  The first requirement for immunity is met because presiding over a criminal trial and post-conviction motions is obviously a function normally performed by a judge.  The second requirement is met because the U.S. District Court had subject matter jurisdiction.  See Dykes, 776 F.2d at 943 (holding that "a judge enjoys absolute immunity where he or she had subject matter jurisdiction over the matter forming the basis for such liability").

Further, this is at least the fifth time Moses has attempted to challenge the constitutionality of his conviction pursuant to 28 U.S.C. §2255.  On April 24, 1996, the habeas corpus statutes were amended.  Included in the new amendments is a change in 28 U.S.C. §2244, which now reads as follows:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus except as provided in section 2255.
>
> \*   \*   \*
>
> (b)(3)(A) <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.

>    (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>    (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>    (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>    (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
>    (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.
>
>                    *   *   *

(Emphasis added.)

On the same day, April 24, 1996, 28 U.S.C. §2255 was amended in relevant part to provide the following:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no

>    reasonable factfinder would have found the movant guilty of the offense; or
>      (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Moses has filed numerous prior motions to vacate attacking his conviction. See Moses v. United States, Case No. 99-1704-Gold. If Moses intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). Moses will be provided with a form to apply for such authorization with this report.

## III. Recommendation

Based on the foregoing, it is recommended that this civil action be dismissed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 1st day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Brandon Moses, Pro Se
    No. 28611-053
    M TROMP
    Mabon 30
    San Nicolas, Aruba